IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------- :
GJP ENTERPRISES, INC., d/b/a : CASE NO.  1:05 CV 670
AMERICAN DECORATIVE CEILINGS :
 :
Plaintiff : MEMORANDUM OF OPINION AND
 : ORDER DENYING DEFENDANT'S
-vs- : MOTION TO TRANSFER
 :
PERFORMANCE CONTRACTING, INC. :
 :
Defendant :
---------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This case involves a dispute between Plaintiff GJP Enterprises, Inc. d/b/a American Decorative Ceilings ("American Decorative") and defendant Performance Contracting, Inc. ("PCI") over the purchase of ceiling panels for a construction project in Auburn, Washington.  Before this Court is defendant PCI's motion to transfer this case to the District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a). (Docket #4).  Plaintiff American Decorative filed a brief in opposition. (Docket #7).  No reply brief was filed.

Section 1404(a) serves as the mechanism for transferring actions from forums in which venue was properly laid.  <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964). [1]  It

---

[1] Although PCI, in its answer, denies that venue is proper in this Court (Docket #3, at ¶ 5), it offers no support for this allegation and does not argue that issue in its motion to transfer.

provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The passage of Section 1404(a) was intended to revise rather than codify the common law doctrine of *forum non conveniens* by giving district courts more discretion to transfer cases than they previously had under the common law. Piper Aircraft Co. v. Reno, 454 U.S. 235, 253 (1981). Designed as a "'federal housekeeping measure,' allowing easy change of venue within a unified federal system," Piper Aircraft, 454 U.S. at 254, Section 1404(a) imbues district courts with the discretion "to adjudicate motions for transfer according to an 'individualized, case by case consideration of convenience and fairness.'" Stewart Organization, Inc. v. Ricoh, 487 U.S. 22, 29 (1988) (quoting Van Dusen, 376 U.S. at 616). While a court must balance a number of case-specific factors, the Court should consider the convenience of the parties and witnesses as well as "public-interest factors of systemic integrity and fairness." Id. at 30; see also Moses v. Business Card Express, Inc., 929 F.2d 1131, 1136-37 (6th Cir. 1991). Moreover, courts should afford "weight" to plaintiff's choice of forum in deciding whether to grant a motion to change venue, recognizing, however, that plaintiff's choice of forum is not dispositive. Lewis v. ACB Business Services, Inc., 135 F.3d 389, 413 (6th Cir. 1998). On a motion to transfer pursuant to Section 1404(a), the moving party bears "the burden of proving why a court should transfer the action." Steelcase, Inc. v. Mar-Mol Co., Inc., 210 F. Supp. 2d 920, 937 (W.D. Mich. 2002); see also Picker International, Inc. v. Travelers Indemnity Company, 35 F. Supp. 2d 570, 572-73 (N.D. Ohio 1998).

PCI has failed to meet its burden in this case. In a cursory brief, PCI argues that the Western District of Washington would be more convenient forum because the ceiling panels were to be used in a construction project in Washington and because all third party witnesses and all witnesses for the defendant are located in the State of Washington. Given the nature of the claim, PCI has failed to demonstrate the relevance of the location of the construction project, aside from the possible location of some witnesses. As for the witnesses, defendant has offered no factual basis for its claim regarding their location in Washington other than the bare allegations of its attorney.[2] Moreover, defendant has failed to respond in any fashion to the following allegations made in an affidavit by William Perk, CEO and President of American Decorative:

- American Decorative is an Ohio corporation with its principal place of business in the Northern District of Ohio;

- PCI is a Kansas corporation with its principal place of business in Charlotte, North Carolina;

- American Decorative manufactured the ceiling panels at issue entirely at its facilities in the Northern District of Ohio;

- The ceiling panels at issue in this case are currently located at American Decorative's facilities in the Northern District of Ohio; and,

- American Decorative employees, including Ronald Barski, Daniel Kusak, Robert Hamill, William Perk, who could provide relevant testimony about the negotiation and execution of the contract, manufacture of the ceiling panels, and subsequent discussions between the two parties. all reside in the Northern District of Ohio.

(Perk Aff. at ¶¶ 2, 3, 6, 13, 15, 18, and 21).

---

[2] Unlike PCI, American Decorative identified two of PCI's representatives who may be residents of the State of Washington and might provide relevant testimony. (Perk Aff. at ¶ 19).

3

Given the weight properly afforded American Decorative's choice of forum,[3] the location of numerous witnesses and substantial evidence in the Northern District of Ohio, and the fact that at least one of the parties is located in this District, PCI's motion is devoid of merit and is therefore denied.

IT IS SO ORDERED.

                                                    /s/ Lesley Wells
                                                    UNITED STATES DISTRICT JUDGE

Dated: 22 April 2005

---

[3] Although plaintiff filed its lawsuit in state court, it did so in a state court within the Northern District of Ohio, thereby indicating its preference for this forum over the Western District of Washington.